■ In the Matter of FRANK GIOVINAZZO, Respondent, v. GENERAL MOTORS CORPORATION, FISHER BODY DIVISION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision of the Workmen's Compensation Board which affirmed an award to claimant based on a finding of causal relation between claimant's back condition subsequent to April 21, 1972 and an undisputed industrial accident sustained by him on November 28, 1965. Claimant fell from a ladder on November 28, 1965 while he was cleaning an electrostatic spray booth and sustained injuries described as " abrasion and contusion of right leg, from his ankle to his hip." The board found that claimant's intervertebral disc problem diagnosed in April of 1972 was causally related to the 1965 accidental injury. Claimant testified that he started to have trouble with his leg and his back three or four months after he fell off the ladder. In April of 1966 he was hospitalized with a diagnosis of chronic low back strain and radiculitus. Although there was the usual conflict among the medical experts, the board could accept the testimony of Dr. Adornato who stated that claimant's back condition could have been caused by the fall. He also testified that it was not uncommon for a patient with a herniated disc to have onset of pain in the back related to a trauma which occurred as long as six months to a year prior to the onset of symptoms. In our opinion, there is substantial medical evidence in the record to support the board's finding. Its determination should, therefore, be upheld. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Sweeney, Main and Reynolds, JJ., concur.

■ HERBERT GROSSMAN, as Executor of JULIA GROSSMAN, Deceased, Also Known as ALICE GROSSMAN, et al., Appellants, v. BERKEY PHOTO, INC., Respondent, et al., Defendants.— Appeal from a judgment of the Supreme Court, entered March 6, 1974 in Albany County, which dismissed the complaint as against the defendant Berkey Photo, Inc., on the merits. We find no basis to disturb the instant judgment. As the trial court correctly noted in its memorandum decision, the plaintiff " failed to show any obligation, contract, agreement or reason why [the defendant] was obligated and required to insure the decedent's life and to continue her employment." Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Kane, Main and Reynolds, JJ., concur.

## (November 8, 1974)

■ In the Matter of VIRGINIA C. HALL, as Clerk of the Family Court, Warren County, Petitioner.— Application pursuant to section 89 of the Judiciary Law for permission to destroy certain records of the Family Court, Warren County, from September 1, 1962 to December 31, 1967, viz: All of the files numbered 1–62 to and including the file numbered 362–67, except that judgment roles, case histories and medical reports be microfilmed before destruction. Application granted. Staley, Jr., J. P. Sweeney, Kane, Main and Reynolds, JJ., concur.